# **EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Capital One Financial Corporation (Capital One National Association)
DOES 1 TO 25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Liliya Tchistiak

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court - Central
~~1100 Union Street, San Diego, CA 92101~~   330 WEST BROADWAY
SAN DIEGO, CA 92101

**CASE NUMBER:**
*(Número del Caso):*
25CU036393C

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Liliya Tchistiak, 1140 Wall Street #40, La Jolla, CA 92037

DATE:  AUG 11 2025
*(Fecha)*

Clerk, by  G. Lopez , Deputy
*(Secretario)*  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Capital One Financial Corporation (Capital One National Association)
    under: ☑ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Liliya Tchistiak<br>1140 Wall Street #40 La Jolla, CA 92037<br>TELEPHONE NO.: 484-947-1958   FAX NO.:<br>EMAIL ADDRESS: westcapitalholdings@proton.me<br>ATTORNEY FOR (Name): Self Represented | **FILED**<br>Clerk of the Superior Court<br><br>JUL 10 2025<br><br>By: _____, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS: 1100 Union Street
MAILING ADDRESS: 1100 Union Street
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: San Diego Superior Court - Central Division

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount demanded exceeds $35,000)   (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 25CU036393C<br>JUDGE: <br>DEPT: JOEL R WOHLFEIL |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [x] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [x] punitive
4. Number of causes of action (specify): 3 - Discrimination (profiling), Breach of Consumer Protection, Negligent Emotional Distress
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 9, 2025
Liliya Tchistiak (Pro Se)
_(TYPE OR PRINT NAME)_         ▶ *Liliya Tchistiak*
                  _(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California        **CIVIL CASE COVER SHEET**        Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
                                  Cal. Standards of Judicial Administration, std 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET** CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non- domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non- harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER. | FOR COURT USE ONLY |
|---|---|---|
| NAME Liliya Tchistiak<br>FIRM NAME<br>STREET ADDRESS 1140 Wall Street #40<br>CITY La Jolla   STATE CA   ZIP CODE 92037<br>TELEPHONE NO. 484-947-1958   FAX NO<br>EMAIL ADDRESS: westcapitalholdings@proton.me<br>ATTORNEY FOR (name): Self Represented | | F I L E D<br>Clerk of the Superior Court<br><br>JUL 10 2025<br><br>By: _____, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS 1100 Union Street
MAILING ADDRESS 1100 Union Street
CITY AND ZIP CODE San Diego, CA 92101
BRANCH NAME San Diego Superior Court - Central Division

PLAINTIFF: Liliya Tchistiak

DEFENDANT: Capital One Financial Corporation (Capital One National Association)

[x] DOES 1 TO 25

**CONTRACT**
[x] COMPLAINT   [ ] AMENDED COMPLAINT (Number):
[ ] CROSS-COMPLAINT   [ ] AMENDED CROSS-COMPLAINT (Number):

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE (does not exceed $35,000)
   Amount demanded [ ] does not exceed $10,000
                   [ ] exceeds $10,000
[x] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $35,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
   [ ] from limited to unlimited
   [ ] from unlimited to limited

CASE NUMBER: 25CU036393C

1. **Plaintiff*** (name or names):
   Liliya Tchistiak
   alleges causes of action against **defendant*** (name or names):
   Breach of Implied Covenant, Profiling-Based Service Denial, Systemic Discrimination

2. This pleading, including attachments and exhibits, consists of the following number of pages: 8

3. a. Each plaintiff named above is a competent adult
   [ ] **except** plaintiff (name):
      (1) [ ] a corporation qualified to do business in California.
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] other (specify):
   b. [ ] Plaintiff (name):
      (1) [ ] has complied with the fictitious business name laws and is doing business under the fictitious name (specify):
      (2) [ ] has complied with all licensing requirements as a licensed (specify):
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
   [x] **except** defendant (name): Capital One N.A.   [ ] **except** defendant (name):
      (1) [ ] a business organization, form unknown.   (1) [ ] a business organization, form unknown.
      (2) [x] a corporation.                           (2) [ ] a corporation.
      (3) [ ] an unincorporated entity (describe):     (3) [ ] an unincorporated entity (describe):
      (4) [ ] a public entity (describe):              (4) [ ] a public entity (describe):
      (5) [ ] other (specify):                         (5) [ ] other (specify):

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2024]

**COMPLAINT—Contract**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

PLD-C-001

| SHORT TITLE: Tchistiak vs. Capital One N.A. | CASE NUMBER |
|---|---|

4. b. The true names of defendants sued as Does are unknown to plaintiff.
   (1) ☐ Doe defendants *(specify Doe numbers):*    were the agents or employees of the named defendants and acted within the scope of that agency or employment.
   (2) ☐ Doe defendants *(specify Doe numbers):*    are persons whose capacities are unknown to plaintiff.
  c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
  d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, **and**
  a. ☐ has complied with applicable claims statutes, *or*
  b. ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

7. This court is the proper court because
  a. ☐ a defendant entered into the contract here.
  b. ☐ a defendant lived here when the contract was entered into.
  c. ☐ a defendant lives here now.
  d. ☐ the contract was to be performed here.
  e. ☒ a defendant is a corporation or unincorporated association and its principal place of business is here.
  f. ☐ real property that is the subject of this action is located here.
  g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
  ☒ Breach of Contract
  ☐ Common Counts
  ☒ Other *(specify):*
    Breach of Implied Covenant of Good Faith and Fair Dealing, Consumer Profiling, Systemic Discrimination

9. ☐ Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
  a. ☒ damages of: $10,000,000.00
  b. ☒ interest on the damages
    (1) ☐ according to proof
    (2) ☒ at the rate of *(specify):* 10% percent per year from *(date):* June 2, 2025
  c. ☒ attorney's fees
    (1) ☐ of: $
    (2) ☒ according to proof.
  d. ☒ other *(specify):*
    Punitive damages for intentional profiling-based denial and violations of public policy under Civil Code §§51 et seq.

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: July 9, 2025

Liliya Tchistiak                         ▶ *Liliya Tchistiak*
(TYPE OR PRINT NAME)                     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(1)

| SHORT TITLE: Tchistiak vs. Capital One N.A. | CASE NUMBER |
|---|---|

## CAUSE OF ACTION—Breach of Contract

_____ (number)
ATTACHMENT TO  [✓] Complaint  [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.  Plaintiff *(name):* Liliya Tchistiak

alleges that on or about *(date):* June 2, 2025
a [ ] written  [✓] oral  [ ] other *(specify):*
agreement was made between *(name parties to agreement):*
Liliya Tchistiak and Capital One Financial Corporation (Capital One National Association)
[ ] A copy of the agreement is attached as Exhibit A, or
[✓] The essential terms of the agreement  [✓] are stated in Attachment BC-1  [ ] are as follows *(specify):*

Please see attached BC-1 in PLD-C-001(1) Supplement Statement.

BC-2.  On or about *(dates):* June 2, 2025 - July 1, 2025
defendant breached the agreement by  [✓] the acts specified in Attachment BC-2  [ ] the following acts *(specify):*

Please see attached BC-2 in PLD-C-001(1) Supplement Statement.

BC-3.  Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4.  Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4  [✓] as follows *(specify):*

Please see attached BC-2 in PLD-C-001(1) Supplement Statement.

BC-5.  [ ]  Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[ ] according to proof.
BC-6.  [ ]  Other:

Page _____
Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Breach of Contract**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

**PLD – C – 001 (1) Supplement**

Plaintiff: Liliya Tchistiak
Defendant: Capital One Financial Corporation (Capital One National Association)
Case Short Title: Tchistiak vs. Capital One N.A.
Cause of Action: Breach of Contract

**BC-1 – Statement of Agreement**

Plaintiff Liliya Tchistiak is a thirty-three (33) year old naturalized United States citizen of twenty-nine (29) years and a former FINRA-licensed financial professional who held Series 7 and Series 63 registrations (CRD#: 6842320 on Broker Check). She was employed at The Vanguard Group and subsequently served as a Financial Administrator at West Capital Management, where she managed sensitive high-net worth client assets and oversaw financial planning strategies for both private and institutional portfolios. Plaintiff has maintained an active checking and savings account with Defendant Capital One N.A. for over a decade without incident, delinquency, or fraud. At no point did she open new accounts, initiate account changes, or engage in any conduct that would trigger enhanced customer identification program (CIP) procedures under Defendant's internal risk protocol or federal law.

On June 2, 2025, without prior warning or explanation, Defendant blocked a $31.95 purchase of an over-the-counter silica supplement from a verified U.S. based merchant. On June 7, 2025, Defendant placed a "high risk" fraud designation on Plaintiff's account. Plaintiff's account and debit card were fully locked during an attempted $289 purchase of time-sensitive fertility treatments from another verified U.S. based merchant. She discovered the lock only after being denied access to her funds at a gas station while traveling, leaving her stranded without access to essential resources.

Plaintiff made multiple recorded calls to Defendant's customer service and bank escalation departments between June and July 2025 and visited a physical branch office in Irvine, CA in an effort to resolve the matter in person. On each occasion, representatives confirmed her account was flagged "high risk" but refused to provide a remedy or removal procedure, despite full identity verification and longstanding account history. This label was applied within the context of rising geopolitical unrest and ongoing war in Russia, Plaintiff's country of birth, and appears directly linked to surname-based or algorithmic ethic profiling. Plaintiff explicitly stated in each interaction that she believed this designation was the result of discriminatory profiling and warned the institution of imminent legal action.

Capital One's conduct violates multiple federal and state statutes. Under 42 U.S. Code § 1981, it is unlawful to interfere with contractual rights based on perceived ethnicity. Blocking lawful transactions on a verified account, without evidence of fraud, while flagging the account as "high risk" constitutes unequal treatment and ethnic discrimination. This conduct also violated California Civil Code § 51 (Unruh Civil Rights Act) be engaging in commercial discrimination

based on perceived ancestry or national origin. Defendant failed to notify Plaintiff of the restrictions in violation of 12 CFR § 1005.6 (Regulation E), which prohibits unauthorized restriction of consumer electronic funds without disclosure or due process. The false implication of fraudulent behavior also constitutes common law defamation by implication, as Plaintiff's reputation was harmed by baseless classification and denial of service.

Additionally, the conduct violated the Equal Credit Opportunity Act (15 U.S.C. § 1691) by engaging in profiling-based denial of credit access and the Fair Credit Reporting Act (15 U.S.C. § 1681) by relying on inaccurate or misapplied internal scoring mechanisms without recourse or transparency. The above collectively amount to a breach of implied contractual duty, as Plaintiff was denied the standard expectation of uninterrupted, good faith service tied to a long-standing verified banking account.

On June 20, 2025, Plaintiff mailed a formal demand letter addressed to Defendant's Chief Legal Officer, Matthew Cooper, demanding $750,000 in damages and gave the bank fourteen (14) calendar days to respond. No response was received. A copy of the letter is attached in Exhibit A.

On July 1, 2025, Plaintiff attempted to purchase an FDA approved fertility related medication from a licensed pharmacy in person using a valid prescription. Defendant once again blocked the transaction and locked her card at the point of sale without prior notice. The institution's repeated and continued interference in critical, medically necessary transactions, paired with the failure to provide legal grounds for such denials, constitutes a pattern of bad faith, negligent misrepresentation, and breach of fiduciary duty as outlined under California Commercial Code §§ 4101-4207 which outline the obligations of financial institutions in the execution of lawful transactions.

Due to Defendant's persistent failure to provide, correct, or remedy service parity, transparency, or compliance with federal disclosure obligations, Plaintiff asserts a valid claim of breach of contract, civil rights violation, and negligent infliction of financial, reputational, and emotional harm. The profiling behavior caused material and biological damage to her fertility due to delayed shipments and financial access restrictions, which will be further addressed in section BC-2.

**BC-2 – Statement of Damages**

Plaintiff Liliya Tchistiak seeks damages in the amount of $10,000,000 arising directly from Defendant Capital One N.A's unlawful, discriminatory, and negligent conduct, which resulted in financial blockade, medical interference, reproductive harm, and irreparable disruption to Plaintiff's constitutionally protected right to bodily autonomy and family planning. This conduct constitutes a direct violation of Plaintiff's rights under the Electronic Fund Transfer Act (15 U.S.C. §§ 1693 et seq.), the Equal Credit Opportunity Act (15 U.S.C. § 1691), the Unruh Civil Rights Act (California Civil Code § 51), and 42 U.S.C. § 1981, each of which prohibits the type of profiling, financial obstruction, and denial of financial services suffered here.

On or about June 7, 2025, during a fully recorded customer service call, Plaintiff explicitly informed Defendant's representatives of her intention to conceive within the year and that banking interference would cause irreparable harm to her medical timeline. Despite this legally material disclosure, Defendant proceeded to flag her longstanding, verified personal account as "high risk," without warning, explanation, or recourse. The flag was triggered by a $289 fertility treatment order on the same day, resulting in the non-removable "high risk" label that locked her account, disrupted the time-sensitive purchase, and left her stranded at a gas station with a declined card, inaccessible funds, and no alternative payment method. Plaintiff is a thirty-three (33) year old naturalized U.S. citizen, former licensed securities professional, and sole owner of the affected individual banking account. No red flags, account issues, or indicators of fraud had existed to justify this restriction.

Plaintiff promptly visited Defendant's Irvine, California branch on June 12, 2025, where she was subjected to procedural overreach inconsistent with both company policy and federal law. Despite presenting multiple forms of verified identification, she was told to provide her Pennsylvania-issued government ID, and she complied. This demand had no lawful basis and served only to delay restoration of access during a period in which Plaintiff's purchases were medically urgent and vital to her ongoing fertility treatments. Even after compliance, the branch refused to remove the "high risk" designation from her account. Plaintiff was told on a recorded line that the bank was protecting both the institution and the customer from fraud, implicitly accusing her of criminal behavior without cause, and that they could not guarantee future access to her own funds. No formal explanation was provided and no escalation pathway was initiated.

On July 1, 2025, Defendant blocked another transaction at the point of sale, this time for a prescribed, FDA-approved fertility medication at a licensed pharmacy. The transaction was denied without notice, despite Plaintiff having sufficient funds. She was not notified, offered remediation, or provided a secure alternative. No fraud existed, no security breach occurred, and the transaction was fully legitimate. The denial occurred after repeated prior warnings from Plaintiff that her medical timeline could not accommodate further delay.

These were not isolated or accidental mistakes. Together they form a coherent pattern of discriminatory profiling, algorithmic obstruction, and institutional negligence that directly altered the course of Plaintiff's reproductive life. By knowingly blocking lawful, medically indicated purchases after receiving explicit warnings, Defendant directly contributed to irreversible harm. The reproductive window at Plaintiff's age narrows with measurable speed. Each delay reduced the likelihood of conception. Defendant's targeted interference at this specific moment constitutes irreparable biological loss.

Beyond medical consequences, Plaintiff suffered extreme emotional distress, public humiliation, reputational harm, and a complete breakdown of trust in a fiduciary institution. The psychological and biological trauma is ongoing and measurable. Years of sunk preparatory costs already invested into fertility planning, including supplements, lab work, and cellular

optimization treatments were rendered void by Defendant's obstruction. The damages are compounded by the necessity of invasive, expensive future family planning alternatives due to loss of the ability to conceive altogether which constitutes a permanent, high-value injury that no refund or apology can reverse.

These events were documented in full via recorded phone logs, internal escalation notes, digital correspondence confirming her "high risk" label without explanation or remedy, and a written demand letter sent via certified mail to Matthew Cooper, Defendant's Chief Legal Officer, which was received and deliberately disregarded. Defendant was provided multiple opportunities to cure the harm, remove the "high risk" label, or issue alternative routing mechanisms and refused at every juncture. Their denials were not only unjustified, but premeditated inaction in the face of clear warnings, establishing gross negligence at both the operational and supervisory level.

As a result, Plaintiff asserts the total value of her economic and non-economic damages is no less than $10,000,000, reflecting lost biological opportunity, destruction of health trajectory, emotional trauma, reputational harm, and enduring multiple statutory violations. No resolution has been offered and no internal appeal process was made available. The harm is ongoing, compounding, non-repairable and attempts to resolve the matter have been disregarded at every level. Plaintiff reserves the rights to amend this amount upward as discovery proceeds.

*Liliya Tchistiak*

Liliya Tchistiak (Plaintiff)

Date: 07 / 09 / 2025

Liliya Tchistiak
1140 Wall Street #40
La Jolla, CA 92037-9998
484-947-1958
Date: June 20, 2025

To:
Matthew Cooper, Chief Legal Officer
Capital One Financial Corporation
1680 Capital One Drive
McLean, VA 22102

**Re: Immediate Settlement Demand - Unauthorized Card Lock, Ethnic Profiling, and Account Access Denial**

Mr. Cooper,

This letter serves as formal notice of Capital One's legal exposure arising from the unlawful restriction of my debit card and account access based on an internal "high-risk" designation applied without cause, notice, or procedural remedy. Your institution's conduct constitutes discriminatory profiling, unauthorized interference with consumer funds, and violations of both federal and California civil protections.

On June 7th, 2025, I attempted to complete a time-sensitive, over-the-counter medical purchase using my Capital One debit card. The transaction was for a non-prescription fertility supplement valued at $289.69. It was declined without justification. Immediately thereafter, my card was locked without my knowledge or consent. Upon escalation, Capital One confirmed that my activity had been flagged as "high-risk" by your internal fraud monitoring system.

The transaction was legitimate. The activity was ordinary. The only distinguishing factor was that it occurred under my legal surname, which is ethnically identifiable. I have held this account for over a decade without incident. There was no new account onboarding, no deviation in use, and no regulatory trigger under the Bank Secrecy Act.

As a former financial professional with insider knowledge of CIP and SIP protocols, I am acutely aware that financial institutions, including broker-dealers and banks, routinely leverage internal CIP algorithms to quietly flag or deny new accounts based on ethnicity, foreign origin, or perceived nonconformity. While such misuse of Customer Identification Programs is unlawful even during onboarding, it is even more egregious when applied retroactively to existing customers who are long-time U.S. Citizens with no procedural basis.

This flag was not part of required compliance. It was an internal profiling decision. Capital One deployed a systemic discrimination mechanism under the pretext of fraud prevention, then locked my card without legal justification or operational transparency.

The resulting harm is documented and legally actionable:

1. 42 U.S. Code § 1981 – Racial and Ethnic Discrimination in Contracts

The application of a high-risk designation and denial of financial service based on perceived ethnicity constitutes a violation of federal protections against unequal treatment in contractual relationships.

2. 12 CFR § 1005.6 – Regulation E (EFTA)

Capital One engaged in unauthorized restriction of my funds by locking my card without notification, verification, or opportunity for reversal. This violates the consumer protections provided under the Electronic Fund Transfer Act.

3. California Civil Code § 51 – Unruh Civil Rights Act

Discriminatory conduct by a business establishment based on ancestry, ethnicity, or perceived national origin is a direct violation of the Unruh Act. This includes algorithmic bias and misuse of internal fraud systems to disproportionately flag foreign surnames.

4. Common Law Defamation by Implication

The wrongful labeling of my activity as "high-risk," coupled with denial of access, falsely implied fraudulent or criminal behavior and caused reputational injury with no chance at remediation.

5. Negligence and Procedural Malpractice

Capital One breached its duty of care by deploying internal risk systems with known profiling outcomes, without proper oversight, override mechanisms, or customer recourse.

All digital records, internal email admissions, timestamped transaction logs, and metadata have been preserved. Your institution's written confirmation of the profiling and high-risk classification, absent any actual fraud, is already part of the evidentiary file included as a supplement.

In lieu of immediate litigation, I am offering Capital One the opportunity to resolve this matter privately. The settlement amount is **$750,000 USD**. This figure reflects full compensatory and punitive value and is not subject to negotiation.

This demand is not a request. It is a declaration of liability. Capital One has **fourteen (14) calendar days** from receipt of this letter to issue a written response indicating intent to settle. Failure to respond will result in federal escalation without further notice.

No further correspondence will be initiated from my side.

Sincerely,

*[signature]*   06 / 20 / 2025
Liliya Tchistiak



**bankescalations@capitalone.com** to me

Last Wednesday at 2:56 PM

Encrypted    Expires in 2 months

**RE: Case #250609234609829**

Liliya,

Thank you for contacting us on June 9, 2025, regarding your account ending in 3281.

Your transactions were declined because they were flagged as high-risk transactions by our fraud monitoring system. This system is in place for your protection, but we're sorry for any inconvenience that you experienced.

Please know that Capital One and its employees don't discriminate against any customer based on any prohibited factors including disability, and we comply with applicable laws when transacting business.

If you need any additional assistance, please give us a call at 800-655-2265. We're available 8 a.m.-11 p.m. ET, 7 days a week. We'll be happy to help.

Sincerely,
Capital One

Exhibit B



Exhibit C

**Tracking Number:**

# EI607283603US

📋 Copy      🏃 Add to Informed Delivery

Remove ✕

## Scheduled Delivery by

**TUESDAY**

**24** June 2025 ⓘ    by **6:00pm** ⓘ

Your item has been delivered and is available at a PO Box at 9:44 am on June 24, 2025 in MC LEAN, VA 22102.

**Get More Out of USPS Tracking:**

🔍 USPS Tracking Plus®

✅ **Delivered**
**Delivered, PO Box**

MC LEAN, VA 22102
June 24, 2025, 9:44 am

See All Tracking History

What Do USPS Tracking Statuses Mean?

**Text & Email Updates**                          ⌄

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W. Broadway |
| MAILING ADDRESS: | 330 W. Broadway |
| CITY AND ZIP CODE: | San Diego, 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: 619-450-7073 | |

PLAINTIFF(S) / PETITIONER(S): Liliya Tchistiak

DEFENDANT(S) / RESPONDENT(S): Capital One Financial Corporation Capital One National Association

TCHISTIAK VS CAPITAL ONE FINANCIAL CORPORATION CAPITAL ONE NATIONAL ASSOCIATION

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 25CU036393C |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge: JOEL R WOHLFEIL                                        Department: C-73

**COMPLAINT/PETITION FILED:** 07/10/2025

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT |
|---|---|---|---|
| Case Management Conference | 02/20/2026 | 1:30 PM | C-73 |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS:      330 W. Broadway<br>MAILING ADDRESS:    330 W. Broadway<br>CITY AND ZIP CODE:   San Diego, 92101<br>BRANCH NAME:         Central | FOR COURT USE ONLY |
| PLAINTIFF(S):   Liliya Tchistiak | |
| DEFENDANT(S):  Capital One Financial Corporation Capital One National Association | |
| SHORT TITLE: TCHISTIAK VS CAPITAL ONE FINANCIAL CORPORATION CAPITAL ONE NATIONAL ASSOCIATION | |
| **STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>25CU036393C |

Judge: JOEL R WOHLFEIL                                Department: C-73

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)              ☐ Non-binding private arbitration

☐ Mediation (private)                      ☐ Binding private arbitration

☐ Voluntary settlement conference (private) ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)             ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                           Date: _____

Name of Plaintiff                          Name of Defendant

Signature                                  Signature

Name of Plaintiff's Attorney               Name of Defendant's Attorney

Signature                                  Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 07/11/2025                                          JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev. 12-10)    **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**    Page 1



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 25CU036393C

CASE TITLE: Tchistiak vs Capital One Financial Corporation Capital One National Association

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
  (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
  (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), **and**
  (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.